IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALLEN I. PATTON,[1] | § | |
| | § | No. 356, 2014 |
| Respondent Below, | § | |
| Appellant, | § | |
| | § | Court Below:  Family Court |
| v. | § | of the State of Delaware |
| | § | in and for Kent County, |
| JAMES PATTON, | § | |
| | § | File No. CK-09-02973 |
| Petitioner Below, | § | Petition No. 13-32745 & 13-37433 |
| Appellee. | § | |

Submitted:  November 21, 2014
Decided:    January 14, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 14th day of January 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Allen Patton ("the Father"), filed this *pro se* appeal from a Family Court order finding him in contempt of earlier Family Court orders regarding visitation between the Father's minor children and the appellee, James

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Patton ("the Grandfather").[2]  The Court concludes there is no merit to the Father's appeal.  Accordingly, we affirm the Family Court's judgment.

(2)  On May 26, 2010, the Family Court granted the Grandfather monthly Sunday visits with his grandchildren.  In the fall of 2010, the Grandfather filed a Petition for Rule to Show Cause alleging that the Father had prevented a visit and a Petition to Modify Visitation.  The Father answered the petition and stated that the visit was delayed due to a miscommunication.  A hearing was held on April 12, 2011.  The Grandfather attended the hearing, but the Father and Mother failed to appear for the hearing.  The Family Court entered an order modifying the May 26, 2010 visitation order to change the time of the monthly Sunday visits and to provide that the visit pick up and drop off would be at the home of the natural parent, unless the Grandfather agreed otherwise.

(3)  On November 28, 2011, the Grandfather filed a Petition for Rule to Show Cause, alleging that the Father and the Mother had a scheduled a trip for his grandchildren the weekend he was supposed to have visitation and that the grandchildren were out of the state the following weekend.  The Father answered the petition and stated that a rescheduled visit was offered to the Grandfather and that the Grandfather was difficult and should not have visitation.  On February 15,

---

[2] The Family Court also found the mother of the parties' minor children ("the Mother") in contempt of the earlier order regarding visitation with the Grandfather, but Mother has not appealed.

2012, the Grandfather filed another Petition for Rule to Show Cause, alleging that the Father had not made one of his grandchildren available for a visit, refused to schedule a make-up visit, and did not permit the Grandfather to take one of his grandchildren to dinner on his birthday as he had done in previous years.

(4) A hearing was held on July 19, 2012. The Grandfather attended the hearing, but the Father and the Mother failed to appear for the hearing. The Family Court found that the Father and the Mother were in contempt for failing to allow visitation in November 2011 and January 2012. The Family Court ordered that the Grandfather would have an extra visit in September 2012 and October 2012 and that the Grandfather would have the opportunity to visit his grandchildren on their birthdays. The Family Court also imposed a fine on the Father and the Mother of $1,000 for each missed visit for a total of $2,000 and suspended the fine as long as there were no further violations of the Family Court's visitation orders by the Father and the Mother. Finally, the Family Court warned the Father and the Mother that any further violations of its orders or failure to appear for future hearings could result more serious sanctions, including incarceration.

(5) On October 10, 2013, the Grandfather filed a Petition for a Rule to Show Cause, alleging a missed visit on October 6, 2013. The Grandfather claimed that he asked to change the October visit from October 5, 2013 to October 6, 2013, but the Father told him the grandchildren would be with the Mother. The Mother

3

then indicated that she would probably have to work. After the Grandfather made other plans for October 5, 2013, the Father told him on September 27, 2013 that he could visit with the grandchildren on October 5, 2013 and that the grandchildren would be with the Father on October 6, 2013. The Grandfather insisted on visitation occurring on October 6, 2013, but when he called that day to determine if the boys were home, there was no answer. In his answer to the petition, the Father claimed that he offered to reschedule the October 6, 2013 visit, but that the Grandfather was unwilling to do so, was abusive to him, had previously violated the visitation orders by bringing the grandchildren back early, and should not have visitation.

(6)    On December 11, 2013, the Grandfather filed another Petition for Rule to Show Cause, alleging a missed visit on December 8, 2013. The Grandfather claimed that visitation was scheduled for December 8, 2013, the Father and grandchildren were not home when the Grandfather went to pick up the grandchildren, the Grandfather and the Father exchanged texts in which the Father stated that the grandchildren were with the Mother, the Mother did not respond to the Father's messages, and the Father refused to schedule a make-up visit. The Father and the Mother failed to appear for the hearing.

(7)    A hearing was held on June 10, 2014. The Grandfather attended the hearing, but the Father and the Mother failed to appear for the hearing. The Family

4

Court found that the Father and the Mother were in contempt for failing to comply with the Family Court's orders.

(8) The Family Court ordered that the suspended fine of $2,000 was lifted and re-imposed. The Family Court also ordered that the Grandfather would have three additional visits between June 1, 2014 and Labor Day. The Family Court warned the Father and the Mother that court orders, including the place of pick up and drop off for visitation, were to be followed strictly. Finally, the Family Court ordered that upon the relocation of the grandchildren from Delaware, the parties should attempt to agree to a modified visitation schedule and if they could not agree, then the moving party must file a petition for modification of the visitation schedule. This appeal followed.

(9) This Court's review of a Family Court decision includes a review of both the law and the facts.[3] Conclusions of law are reviewed *de novo*.[4] Factual findings will not be disturbed on appeal unless they are clearly erroneous.[5]

(10) In his opening brief, the Father argues that: (i) he and the Mother intended to attend the June 10, 2014 hearing, but he had to work on a time critical job (as reflected in a memorandum from his employer) and the Mother could not

---

[3] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).

[4] *Id.*

[5] *Id.*

5

leave her house because she had to sign papers and handle moving preparations (as reflected in a letter from the Mother); and (ii) he and the Mother are experiencing great financial hardship, including a mortgage foreclosure, and would have difficulty paying the $2,000 fine. The Father's explanations for why he and the Mother failed to attend the June 10, 2014 hearing were not presented to the Family Court in the first instance. The explanations are therefore outside of the record on appeal and cannot be considered by this Court.[6] For the same reason, we cannot consider the Father's contentions of financial hardship, which were not presented to the Family Court in the first instance.[7]

(11) Similarly, the Father makes additional arguments in his reply brief, including explanations for why he and the Mother missed other Family Court hearings and examples of how the Grandfather has been vulgar and abusive to the Father, unreasonable regarding visitation or in violation of Family Court orders, that we decline to address because they were not were not fairly raised in his

---

[6] Supr. Ct. R. 8 (providing that only questions fairly presented to trial court may be presented for review unless review is required in interest of justice); *Zappa v. Logan*, 2013 WL 4538215, at *1 (Del. Aug. 23, 2013) (finding appellant's explanation for missing hearing and evidence to refute allegations of abuse were outside record and would not be considered on appeal); *Delaware Elec. Coop., Inc. v. Duphily,* 703 A.2d 1202, 1206 (Del. 1997) (stating "[i]t is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court").

[7] *See supra* n.6.

6

opening brief.[8] By declining to address the Father's arguments that he failed to present fairly, we do not suggest that they are not important to what visitation scheduled, if any, is in the best interest of the children under the relevant statutory scheme. Rather, we simply note that the Father and Mother must present their arguments to the Family Court in the first instance and show up at scheduled hearings in the Family Court, so that the Family Court has the benefit of hearing all of the parties' arguments and their responses to the other side's arguments before ruling on a full record. Parties also cannot save arguments to raise for the first time in their final brief on appeal.

(12) It is undisputed that there were Family Court orders entitling the Grandfather to monthly visitation with his grandchildren. It is also undisputed that, on July 19, 2012, the Family Court imposed a fine on the Father and the Mother of $1,000 for each missed visit for a total of $2,000 and suspended the fine as long as there were no further violations of the Family Court's visitation orders. Although the Father answered the October 10, 2013 Petition for Rule to Show Cause, neither he nor the Mother answered the December 11, 2013 Petition for Rule to Show Cause that alleged a missed visit on December 8, 2013. Both the Father the Mother failed to appear at the June 10, 2014 hearing. Under these

---

[8] Supr. Ct. 14(c) ("Appellant shall not reserve material for reply brief which should have been included in a full and fair opening brief."); *Lampkins v. State*, 2010 WL 4735029, at *1 n.5 (Del. Nov. 22, 2010) (declining to address claim raised for first time in reply brief).

circumstances, the Family Court was within its discretion to find the Mother and the Father in contempt of its previous orders and re-impose the $2,000 fine it had suspended previously.

(13)    Finally, we note that the Grandfather requested in his answering brief that the Mother be released from the finding of contempt and the fine.  The Mother did not appeal the Family Court's June 10, 2014 order and the record does not reflect a basis to treat the Father and the Mother differently.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:
*/s/ Leo E. Strine, Jr.*
Chief Justice